Kevin C. Brague, OSB #050428
kbrague@braguelaw.com
The Brague Law Firm, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
Telephone: (503) 352-4664
Facsimile: (503) 941-9381
    Attorney for Plaintiff.

FILED'09 FEB 10 15:59USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CONNIE L. OLSON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>OREGON UNIVERSITY SYSTEM by and through GEORGE P. PERNSTEINER, CHANCELLOR; PORTLAND STATE UNIVERSITY, an Oregon public university; WIM WIEWEL, individually and in his official capacity as President; DANIEL C. FORTMILLER, individually and in his official capacity as Interim Vice Provost, Student Affairs; KENNETH AMES, individually and in his official capacity as Professor and Chair of the Anthropology Department; NATALIE VASEY, individually and in her official capacity as Professor; and, BURTON G. CHRISTOPHERSON, individually and in his official capacity as Director, Affirmative Action & Equal Opportunity;<br><br>    Defendants. | Case No. CV '09 - 167 - MO<br><br>**COMPLAINT**<br><br>(Discrimination; Rescission)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

///

Page 1 - Complaint

#25315

The Brague Law Firm, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
(503) 352-4664

## PARTIES

1.

Plaintiff, Connie L. Olson, is and was at all material times a resident of Multnomah County, State of Oregon, a disabled person, and a student at Portland State University.

2.

Defendant Oregon University System, by and through its Chancellor, George P. Pernsteiner, is and was at all material times formally known as the State Board of Higher Education created by Oregon statute and tasked with managing the affairs of the several campuses of higher education including Portland State University.

3.

Defendant Portland State University, is and was at all material times a member of the Oregon University System and operates a campus of higher learning located in the City of Portland.

4.

Defendant, Wim Wiewel, is the President of Portland State University, and represents the office of the President in all its acts, and based on information and belief responsible for implementing policy and procedures at Portland State University.

5.

Defendant, Daniel C. Fortmiller, is and was at all material times the Interim Vice Provost, Student Affairs at Portland State University, and based on information and belief responsible for implementing policy and procedures regarding students at Portland State University

6.

Defendant, Dr. Kenneth Ames, is and was at all material times a Professor and Chair of the Anthropology Department at Portland State University.

///

///

Page 2 - Complaint

THE BRAGUE LAW FIRM, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
(503) 352-4664

7.

Defendant, Dr. Natalie Vasey, is and was at all material times a Professor in the Anthropology Department at Portland State University.

8.

Defendant, Burton G. Christopherson, is and was at all material times the Director of the Affirmative Action & Equal Opportunity Department ("AA/EO") at Portland State University.

## JURISDICTION

9.

Federal court jurisdiction exists under 42 USC §§ 1983, 1985-1986; Section 504 of the Rehabilitation Act of 1973, now codified as 29 USC § 794; American with Disabilities Act, 42 USC § 12101 et seq.; and the Equal Protection Clause of the U.S. Constitution made applicable to the individual States by and through the Fourteenth Amendment to the Constitution.

Supplemental jurisdiction arises under 28 USC § 1367 for all common law and State of Oregon claims.

## VENUE

10.

Venue is proper in the District of Oregon because all acts alleged herein occurred in the City of Portland, Multnomah County, State of Oregon.

## STATEMENT OF THE CASE

11.

Connie Olson is disabled and suffers from two cognitive disabilities: bipolar disorder and post-traumatic stress disorder. Connie manages her disability with a combination of drugs which also effect her self-awareness. She was registered with Portland State University's

Page 3 - Complaint

Disability Resource Center while a student at PSU. Dr. Ames and Dr. Vasey were aware of Connie's disabilities.

12.

In December 2004, Connie was experiencing visual and auditory hallucinations and delusions which were manifest in feelings of love and affection toward Defendant Natalie Vasey. At no time did Connie ever request or make any sexual advances toward Dr. Vasey. Nevertheless, eventually Connie became aware of her delusional interest in Dr. Vasey and ceased her communications.

13.

Next, and over the following months, Connie was hospitalized and treated for the symptoms and manifestations of her disabilities. Her medication was also adjusted and she was monitored during this time. After this period of treatment, Connie became stable and cleared to return to her prior activities.

14.

In an attempt to explain her disability and prior behavior Connie sought to meet with Dr. Ames in September 2005, but he would not accommodate her request to have another female present. Connie then approached Dr. Ames in his office and he would not converse with her.

15.

Connie then sent a written letter of apology to Dr. Vasey in an attempt to explain her prior behavior and her disabilities. Later, she received a call from the AA/EO office requesting that she come in and sign the No-fault Settlement Agreement and Release. The No-fault Settlement Agreement and Release ("Agreement") claims Connie discriminated against Dr. Vasey based on her sex by having inappropriate and unwelcome contact (i.e. sexual discrimination). She protested against this Agreement because no consideration was given to her disabilities and the cause of her behavior. In fact, Connie became so upset that she could not read the agreement. Consequently, Ms. Elaine Cohn an AA/EO employee provided a general

explanation of the Agreement. Connie was also threatened with expulsion from Portland State University ("PSU") if she did not sign the Agreement.

16.

The AA/EO failed to investigate Dr. Vasey's claims; failed to substantiate and support its action; failed to consider Connie's status as a disabled person; and failed to explain the consequences of the Agreement.

17.

As a result of the Agreement, Connie was barred from the Anthropology Department which was her chosen major field of study at PSU.

18.

Moreover, the Anthropology Department received no assistance or training in dealing with disabled students and despite identifying behavioral issues, neither Dr. Ames or Dr. Vasey contacted the Disability Resource Center at PSU for assistance with Connie.

19.

Connie graduated from PSU on December 10, 2005 with a Bachelor of Science degree in Social Science.

20.

From October 2005 through September 2008, Connie has sought to administratively address the issue of the Agreement and discriminatory bar to the Anthropology Department. Connie satisfied the Oregon Tort Claims Act requirements as codified at ORS § 30.260 et seq.

21.

From the time Connie first sought to amend the Agreement to present the Defendants have stonewalled her, sought to deny her due process rights to a hearing, and failed to follow-up and investigate her grievances/complaints.

///

THE BRAGUE LAW FIRM, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
(503) 352-4664

22.

In January 2006, Connie hung herself as a partial result of her humiliation and frustration of being wrongfully accused of sexually harassing Dr. Vasey. She spent over a month in hospitals and respite care after this episode.

23.

PSU receives federal financial assistance and is an Oregon public entity.

### FIRST CLAIM FOR RELIEF

### (ADA)

24.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 23 above.

25.

Connie is a disabled person within the meaning of 29 USC § 794(a). She was and is entitled to the same educational opportunities as other students at PSU, namely pursuing and obtaining a degree in her chosen field of study. Defendants, Dr. Vasey, Dr. Ames, and Burton G. Christopherson, acting individually and in their official capacities at PSU, deprived Connie of those benefits by falsely accusing her of sexual harassment, forcing her to enter into the Agreement, and denying her the opportunity to pursue her chosen major/field of study – Anthropology.

26.

Connie's denial of benefits to her education were done in bad faith or gross misjudgment.

27.

Plaintiff seeks compensatory damages against Defendants Oregon University System/Portland State University, Dr. Vasey, Dr. Ames and Mr. Christopherson in an amount to be proved at trial, but not less than $250,000.

///

28.

Plaintiff also seeks punitive damages against Defendants Oregon University System/Portland State University, Dr. Vasey, Dr. Ames and Mr. Christopherson.

### SECOND CLAIM FOR RELIEF

### (Section 504)

29.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 28 above.

30.

Connie is a disabled person within the meaning of 29 USC § 794(a). She was and is entitled to the same educational opportunities as other students at PSU, namely pursuing and obtaining a degree in her chosen field of study. Defendants, Dr. Vasey, Dr. Ames, and Burton G. Christopherson, acting individually and in their official capacities at PSU, deprived Connie of those benefits by falsely accusing her of sexual harassment, forcing her to enter into the Agreement, and denying her the opportunity to pursue her chosen major/field of study – Anthropology.

31.

Connie's denial of benefits to her education were done in bad faith or gross misjudgment.

32.

Plaintiff seeks compensatory damages against Defendants Oregon University System/Portland State University, Dr. Vasey, Dr. Ames and Mr. Christopherson in an amount to be proved at trial, but not less than $250,000.

33.

Plaintiff also seeks punitive damages against Defendants Oregon University System/Portland State University, Dr. Vasey, Dr. Ames and Mr. Christopherson.

THE BRAGUE LAW FIRM, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
(503) 352-4664

## THIRD CLAIM FOR RELIEF

## (§ 1983; EPC)

### 34.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 33 above.

### 35.

At all time alleged herein, Defendants were persons acting under color of law to intentionally deprive Plaintiff of the rights, privileges or immunities secured by the Constitution or laws of the United States as alleged above.

### 36.

Defendants' acts were the proximate cause of the injuries and consequent damages sustained by Plaintiff which injuries were a reasonably foreseeable consequence of Defendants' conduct.

### 37.

PSU President Wim Wiewel or his predecessor, failed to carry out his supervisory responsibility and duties by overseeing and implementing policy and procedure for Defendants Mr. Fortmiller, Dr. Ames, Dr. Vasey and Mr. Christopherson in dealing with disabled students. A reasonable university President would know this dereliction of duty would cause a deprivation of rights.

### 38.

Defendants were and are deliberately indifferent to Connie's disability and mental state which indifference resulted in months of hospitalizations and resultant care. Defendants were aware of and could reasonably infer that a substantial risk of harm did exist.

### 39.

Dr. Ames, Dr. Vasey and Mr. Christopherson followed the custom, practice or official policy of OUS/PSU in depriving Plaintiff of her right to pursue her chosen field of study.

Mr. Wiewel and Mr. Fortmiller are in an official, supervisory capacity within PSU's organization and sanctioned or otherwise approved of the actions of the other Defendants.

40.

Plaintiff seeks compensatory damages against Defendants Oregon University System/Portland State University, Dr. Vasey, Dr. Ames and Mr. Christopherson in an amount to be proved at trial, but not less than $250,000.

41.

Plaintiff also seeks punitive damages against Defendants Oregon University System/Portland State University, Dr. Wiewel, Dr. Fortmiller, Dr. Vasey, Dr. Ames and Mr. Christopherson.

## FOURTH CLAIM FOR RELIEF

### (Rescission)

42.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 41 above.

43.

Connie was in a significant and distressed mental state and as such could not understand or appreciate the explanation of the terms of the Agreement. She was also unable to read the agreement.

44.

Connie understood from the persons present that if she failed to execute the Agreement, then the matter would be referred to the President's office which she explicitly understood to mean expulsion from PSU.

45.

Defendants knew or should have known of Connie's incapacity at the time the parties entered into the Agreement.

Page 9 - Complaint

46.

Promptly after executing the contract, Connie notified Defendants of her intention to disaffirm the Agreement and has consistently sought to do so since that time, and has not acted inconsistent with this expressed desire.

47.

Plaintiff must be restored to her position prior to the Agreement and receive her desired education in Anthropology. In lieu of this degree pursuit, Plaintiff must be compensated in an amount equal to obtain that education at another university including, but not limited to, tuition, books, expenses, living arrangements and all related costs, or $85,000 whichever is greater, or in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### (Negligence)

48.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 47 above.

49.

Defendants owed a duty to Connie to accommodate her disability and allow her a fair and reasonable opportunity to pursue a major field of study of her choosing. Defendants breached this duty by accusing her of sexual discrimination and barring her from the Anthropology Department. As a direct and proximate cause, Connie suffered extreme mental anguish resulting in suicidal ideation and attempts and an further impaired mental state which required several hospitalizations.

50.

Connie is damaged in an amount to be proved at trial for Defendants' negligence, but not less than $500,000.

THE BRAGUE LAW FIRM, LLC
13830 SW Walnut Lane
Tigard, Oregon 97223
(503) 352-4664

WHEREFORE, Plaintiff prays for judgment, as follows:

1. For Plaintiff's First through Third Claims for Relief, against Defendants for nominal, compensatory, and special damages in an amount to be proved at trial, but not less than $250,000 per claim.

2. For Plaintiff's Fourth Claim for Relief, against Defendants for rescission of the Settlement and Release Agreement and a further prayer in equity to be placed in a position enjoyed prior to the Agreement, or in the alternative to be compensated in such an amount to obtain her sought after degree in Anthropology, in an amount of $85,000 or such other amount to be proved at trial.

3. For Plaintiff's Fifth Claim for Relief against Defendants for compensatory, special, and punitive damages in an amount to be proved at trial, but not less than $500,000.

4. Attorney fees as provided under 42 USC §§ 1983, 1988.

5. For costs, disbursements and attorney fees.

6. For such other relief the court deems just and equitable.

DATED this 9th day of February, 2009.

THE BRAGUE LAW FIRM, LLC

Kevin C. Brague, OSB # 050428
kbrague@braguelaw.com
13830 SW Walnut Lane
Tigard, Oregon 97223
503.352.4664
503.941.9381 - fax
Attorney for Plaintiff

Page 11 - Complaint